450 A.2d 749

**John E. BOLAND**

v.

**Donald MULLEN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1981.

Filed Aug. 27, 1982.

416

Bernadette Barattini, Harrisburg, for appellant.

Jerome T. Foerster, Harrisburg, for appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

John E. Boland was an unlicensed real estate salesman. Although he had once held a real estate salesman's license, he was not employed by a licensed real estate broker.[1]

1. "The term 'real estate salesman' shall mean and include any person employed by a licensed real estate broker to list for sale, sell or offer

Boland's license, therefore, had been cancelled,[2] and he was unauthorized to engage in the business of selling, exchanging, purchasing, or renting of real estate. Donald Mullen was a licensed real estate salesman employed by Pennsylvania Commercial Properties, a licensed broker. In August, 1974, one Val Assotto was attracted by Boland's "Real Estate and Insurance" sign and inquired of Boland concerning the purchase of a warehouse on behalf of a client. Because Boland was not authorized to negotiate a purchase for Assotto, he referred Assotto to Mullen, extracting from Mullen, however, a promise to divide commissions realized as a result of the transaction. After the purchase of a warehouse had been negotiated by Mullen and consummated, Boland commenced an action in assumpsit to recover his portion of the commissions from Mullen and Pennsylvania Commercial Properties. A jury found that Boland was entitled to recover $10,500.00 from Mullen, and the trial court denied a motion for judgment n.o.v. Mullen appealed from the judgment entered on the verdict. His contention is that a contract to divide real estate commissions is illegal and that recovery thereon is barred by the Real Estate Brokers License Act of May 1, 1929, P.L. 1216, 63 P.S. § 431 et seq. We agree.

for sale, to by or offer to buy, or to negotiate the purchase or sale or exchange of real estate ...." Real Estate Brokers License Act of May 1, 1929, P.L. 1216, § 2(b), as amended, 63 P.S. § 432(b).

2. Section 9(b) of the Real Estate Brokers License Act, 63 P.S. § 439(b) provided, in pertinent part, as follows: "... All licenses issued to real estate salesmen shall designate the employer of such salesmen by name. Prompt notice in writing, within ten (10) days, shall be given to the department by the real estate salesmen of any change of employer, and of the name of the new employer into whose service such salesman is about to enter or has entered, and a new license shall thereupon be issued, for a fee of two dollars and fifty cents ($2.50), by the department to such salesmen, for the unexpired term of the original license: Provided, That such new employer shall be a duly licensed real estate broker. The change of employer or employment by any licensed real estate salesman, without notice to the department as aforesaid, shall automatically cancel the license to him theretofore issued, and it shall be the duty of the employer named in such license to notify the department promptly of any such change of employer or employment.

Section 12(a) of the Real Estate Brokers License Act of May 1, 1929, P.L. 1216, as amended, 63 P.S. § 442(a), as existing in 1974,[3] prohibited any person, not licensed under the Act, from engaging in the business or acting in the capacity of a real estate broker or salesman. The Act defined "real estate broker" as "all persons, copartnerships, associations, and corporations, foreign and domestic, who, for another and for a fee, commission, or other valuable consideration, shall sell, exchange, purchase, or rent, or shall negotiate the sale, exchange, purchase or rental, or shall offer or attempt to negotiate the sale, exchange, purchase, or rental . . ." of real estate. Real Estate Brokers License Act, supra, § 2(a), as amended, 63 P.S. § 432(a).

Appellee argues, as he did in the court below, that he did not do an act or perform a service prohibited by the Act, that he did not participate in "buying, selling, exchanging . . . real estate," that he did not negotiate the purchase agreement, and that his claim is for a "finder's fee" which is not prohibited by the statute. A similar argument was made and rejected, albeit under different circumstances, in *Alford v. Raschiatore,* 163 Pa.Super. 635, 63 A.2d 366 (1949). See also: *Verona v. Schenley Farms Co.,* 312 Pa. 57, 167 A. 317 (1933); *Burke v. Israel,* 264 Pa.Super. 286, 399 A.2d 779 (1979); *Harrison v. Soffer,* 221 Pa.Super. 275, 289 A.2d 752 (1972); Annotation, Validity, Construction, and Enforcement of Business Opportunities or "Finder's Fee" Contract, 24 A.L.R.3d 1160 (1969).

Appellee's involvement as a salesman in the instant transaction and the nature of his claim are best illustrated by his own trial testimony. There he testified:

"I told Don Mullen that I have a buyer, that I am an agent representing a buyer who is in turn an agent for Mr. Roland and Roland's firm and they were looking for warehouse space. He said 'I don't have anything but I

3. The Real Estate Brokers License Act has been repealed and replaced by the Real Estate Licensing Act of February 19, 1980, P.L. 15, No. 9, 63 P.S. § 455.101 et seq.

can find something,' and I said, 'I will want a commission for it.' " Record, p. 32a.

He also testified:

Q   Now in connection with this deal did you make some other phone calls or was your only call the initial one to Mr. Mullen?

A   No, I called Mr. Mullen, as I testified earlier today, numerous times to get abreast of the transaction.

Q   Did you have any further discussions with Mr. Val Assotto or anyone else?

A   Well, I called Mr. Val Assotto, as I testified earlier too, to be sure that Mr. Mullen was on top of it so that I wouldn't lose the transaction.

Q   So you were actively trying to make sure that the deal was consummated?

A   That's correct.

Q   Now tell me how does that differ from what you did as an agent for which you'd have a commission, how was that different from what this finder's fee is that you are talking about?

A   Well, the activities involved are no different, you know it's just the terminology of the finder's fee or the word commission.

Q   So that you agree the activities were no different. What you did then was that you took or what you are claiming now is that you knew that the law prohibited splitting of fees or commissions and so instead of calling it a commission for the same activity you are saying it was a finder's fee?

A   I said that, yes, that's correct, because I was aware that brokers do it continuously . . . . "

Record, pp. 34a, 35a.

To allow recovery of prohibited commissions under the guise of a "finder's fee" would be blatantly to circumvent and ignore the legislative intent expressed in the Real Estate Brokers License Act.

The agreement which appellee sought to enforce in this action was expressly prohibited by Section 445(a) of the Act, which provided: "[i]t shall be unlawful for any licensed real estate broker, or real estate salesman, to pay any compensation, in money or other valuable thing, to any person other than a real estate broker or real estate salesman licensed under the provisions of this act . . . for the rendering of any service, or the doing of any of the acts by this act forbidden to be rendered or performed by other than licensees." It follows that an agreement by Mullen to divide his commission with appellee was illegal.

The Real Estate Brokers License Act prohibited appellee from participating in the negotiations for the sale of the real estate and prohibited Mullen from agreeing to divide his commission with appellee. Appellee's suit to enforce the contract was, therefore, barred by the Act which provided that:

"[n]o action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person . . . was duly licensed hereunder as real estate broker at the time of doing such act or the rendering of such service." [4]

To permit appellant to recover a "finder's fee" would overrule to a large extent those licensing restrictions and supervisory controls which the legislature enacted for the purpose of regulating real estate salesmen and brokers; it would legitimatize that which the legislature declared illegal; and it would allow appellee to recover that which the legislature said he cannot recover. The courts will not lend themselves to the achievement of such a result.

4. Real Estate Brokers License Act of May 1, 1929, P.L. 1216, § 16, as amended, 63 P.S. § 446. A similar prohibition is contained in Section 455.302 of the Real Estate Licensing Act of February 19, 1980, P.L. 15, No. 9, § 302, 63 P.S. § 455.302.

Reversed and remanded for the entry of judgment in favor of appellant.