610 A.2d 56

**Martin T. GOLIBART t/a M.T. Golibart and Associates.**

**v.**

**G. Randy REAMER and Michael Plunkett, Appellants.**

Superior Court of Pennsylvania.

Argued April 8, 1992.

Filed June 30, 1992.

Petition for Allowance of Appeal Denied Nov. 2, 1992.

Henry O. Heiser, III, Gettysburg, for appellants.

Samuel E. Teeter, Gettysburg, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from judgment entered on August 1, 1991, denying appellants' post-verdict motions and upholding a jury verdict for appellee in the amount of thirty-thousand dollars ($30,000.00). Appellants raise two issues for our review:

> I. WHETHER THE LOWER COURT SHOULD HAVE DECIDED AS A MATTER OF LAW THAT PLAINTIFF WAS BARRED FROM RECOVERING A FINDER'S FEE BECAUSE HE WAS AN UNLICENSED BROKER WITHIN THE MEANING OF THE REAL ESTATE LICENSING AND REGISTRATION ACT OF 1980?
>
> II. WHETHER THE LOWER COURT ABUSED ITS DISCRETION IN NOT AWARDING DEFENDANTS A NEW TRIAL BECAUSE THE JURY'S DETERMINATION THAT PLAINTIFF'S BUSINESS DEALINGS WITH DEFENDANTS DID NOT INVOLVE A SALE OF REAL ESTATE WAS AGAINST THE WEIGHT OF THE EVIDENCE?

Appellants' Brief at 3. For the following reasons, we reverse.

Appellants had a contract to purchase a one-hundred-and-seven-acre parcel of land known as the Mallow Tract, located in the Borough of Carroll Valley. They had preliminary sketch plan approval from the Borough to erect approximately three-hundred condominium time-share units. At a meeting between appellants and appellee, appellee indicated that he did not wish to be involved with selling this property, but he was interested in helping to find investors in the development project. Consequently, the parties entered into an oral agreement pursuant to which appellants would pay appellee $30,000.00 if he found an investor or investors. Several weeks later, appellee put Mr. Alexander Ellioff in contact with appellants. The parties met and eventually formed a partnership, consisting of five corporations. Title to the property was later transferred to the partnership.

Appellee sent a letter to appellants requesting payment of the $30,000.00. Appellants refused to pay appellee. Appellee filed a complaint on January 13, 1989, to which appellants filed preliminary objections in the nature of a demurrer. The court granted the preliminary objections without prejudice, because appellee failed to aver that he was a licensed real estate broker in Pennsylvania, a condition precedent to bringing suit for enforcement of a commission agreement. Appellee thereafter filed an amended complaint which withstood further preliminary objections and a motion for summary judgment.

A bifurcated jury trial was conducted on November 29 and 30, 1990. Preliminarily, the court needed to resolve the dispute over whether appellee was involved in the sale of real estate. If he was, then he would be barred from receiving a fee because he was not a licensed real estate broker. According to appellee's version of the facts, he was retained only to find an investor in the development project, and was not involved with the sale of real estate.

A special interrogatory, which was drafted by appellants, was submitted to the jury:

DO YOU FIND THAT MR. GOLIBART WAS HIRED TO FIND AN INVESTOR WHO WOULD EITHER PUR-

CHASE THE ENTIRE INTEREST OF MR. REAMER AND MR. PLUNKETT [APPELLANTS] IN THE MALLOW TRACT, OR PURCHASE A PART OF THEIR INTEREST AND JOIN WITH THEM IN THE DEVELOPMENT OF THE LAND?

The jury answered "no" to this question. The jury then concluded that appellee was entitled to collect $30,000.00 pursuant to his agreement with appellants. Post-trial motions were filed and denied. This timely appeal followed.

Appellants first contend that the trial court should have decided as a matter of law that appellee was not entitled to recover the fee because he was not a licensed real estate broker. Specifically, they argue that the trial court should have directed the jury to find for appellants, or entered a judgment notwithstanding the verdict. We agree.

It is well-settled that a judgment notwithstanding the verdict may be entered only in a clear case, where after viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds would disagree that the verdict was improper. *Scullion v. EMECO Indus.*, 398 Pa.Super. 294, 298, 580 A.2d 1356, 1358 (1990) (citation omitted), *appeal denied*, 527 Pa. 625, 592 A.2d 45 (1991); *Robertson v. Atlantic Richfield Petroleum Products Co.*, 371 Pa.Super. 49, 58, 537 A.2d 814, 819 (1987) (citation omitted), *allocatur denied*, 520 Pa. 590, 551 A.2d 216 (1988). Any doubts should be resolved in favor of the verdict winner. *Curran v. Philadelphia Newspapers, Inc.*, 376 Pa.Super. 508, 516, 546 A.2d 639, 643 (1988) (quoting *Geyer v. Steinbronn*, 351 Pa.Super. 536, 549, 506 A.2d 901, 908 (1986)), *appeal denied*, 522 Pa. 576, 559 A.2d 37 (1989).

Similarly, "[i]n reviewing the grant or denial of a motion for a directed verdict, we must determine if 'an abuse of discretion or error of law which controlled the outcome of the case occurred'.... If so, only then will we reverse." *Fleck v. Timmons*, 374 Pa.Super. 417, 426–27, 543 A.2d 148, 153 (1988) (quoting *Bucchianeri v. Equitable Gas Company*, 341 Pa.Super. 319, 328, 491 A.2d 835, 840 (1985)).

The Real Estate Licensing and Registration Act of 1980, 63 P.S. §§ 455.101–902 ("the Act") provides that one acting in the capacity of a broker may not recover compensation for such service unless he is licensed. *See* 63 P.S. §§ 455.-301, 455.302. The term "broker" is defined, in relevant part, as:

> Any person who, for another and for a fee, commission or other valuable consideration:
>
> > (1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate;
> >
> > (2) negotiates the listing, sale, purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate....

63 P.S. § 455.201.

The issue of whether one is a real estate broker under the Act is a question of law to be decided by the court. *See Alford v. Raschiatore,* 163 Pa.Super. 635, 642, 63 A.2d 366, 369 (1949). We recognize that "where there is a dispute as to what the relevant facts are, this dispute must be submitted to the jury." *Ferrick Excavating and Grading Co. v. Senger Trucking Co.,* 506 Pa. 181, 190, 484 A.2d 744, 748 (1984). However, even if we were to adopt appellee's version of the facts, as the jury apparently did, appellee is nonetheless barred from recovery by the Act.

In *Harrison v. Soffer,* 221 Pa.Super. 275, 289 A.2d 752 (1972), an *en banc* panel of this court held that an individual who was not a licensed real estate broker was barred by the Act from recovering a fee for finding investors in a development project similar to that in the instant case. *Id.,* 221 Pa.Superior Ct. at 282–83, 289 A.2d at 756. In so holding, this court broadly construed the definition of broker, stating, "the mere introduction of two willing parties comes within the purview of the statute." *Id.,* 221 Pa.Superior Ct. at 282, 289 A.2d at 756 (citation omitted). The relevant facts of *Harrison* are indistinguishable from the present case. *See also Boland v. Mullen,* 304 Pa.Super. 415, 419, 420, 450 A.2d 749, 750, 751 (1982) (recovery of finder's fee

barred by Act); *Alford v. Raschiatore, supra,* 163 Pa.Super. at 642, 63 A.2d at 369 (promise of compensation for introducing purchaser of restaurant business not enforceable by unlicensed claimant).[1] In view of this case law, no two reasonable minds could differ as to the result that should be reached here, regardless of whether appellant was involved in finding an investor or selling real estate. Accordingly, the trial court erred in not directing a verdict or granting judgment notwithstanding the verdict, and we must reverse judgment and order that judgment notwithstanding the verdict be entered.[2]

Judgment reversed; entry of judgment notwithstanding the verdict ordered.

---

**1.** We note that these cases construe the Real Estate Brokers License Act of 1929, the predecessor statute to the Real Estate Licensing and Registration Act of 1980. However, the language of the relevant provisions in both statutes is substantially the same.

**2.** In light of our resolution of appellants' first issue, it is not necessary for us to reach their second issue.