656 A.2d 933

**Daniel W. McDOLE, Individually and t/a McDole's Catering,**

**v.**

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 24, 1995.

Filed March 27, 1995.

David E. Heisler, Scranton, for appellant.

Philip M. Hof, Theresa Hogan, Easton, for appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated May 23, 1994, entering judgment in favor of appellee, Daniel W. McDole ["McDole"], in the amount of $200,000. Appellant, Bell Telephone Company of Pennsylvania ["Bell"], raises the following issues for our review:

> I. WHETHER THE [APPELLEE] HAS A NEGLI-
> GENCE CLAIM FOR AN ERROR OR OMISSION IN
> THE YELLOW PAGES DIRECTORY PUBLISHED AND
> DISTRIBUTED BY THE [APPELLANT], WHERE THE
> RELATIONSHIP BETWEEN THE PARTIES AND ITS
> LEGAL CONSEQUENCES FLOW FROM A WRITTEN
> AGREEMENT BETWEEN THEM FOR ADVERTISING
> AND LISTINGS IN THE YELLOW PAGES?

II. WHETHER [APPELLEE] HAS FAILED TO ESTABLISH THAT [APPELLANT] BREACHED A DUTY OF CARE RECOGNIZED IN THE LAW OF NEGLIGENCE?

III. WHETHER THE HONORABLE TRIAL JUDGE ERRED IN REFUSING TO CHARGE THE JURY ON THE CONTRIBUTORY NEGLIGENCE OF [APPELLEE]?

Appellant's Brief at i. For the following reasons, we affirm.

McDole and his wife operated a business known as McDole's Catering. Bell was in the business of preparing public telephone directories. In 1986, Bell offered McDole a "key advertisement" in the Allentown Telephone Directory. On November 26, 1986, Bell and McDole executed a written agreement which provided for the placement of a key advertisement for McDole's Catering in the 1987–1988 Allentown directory, free of charge. Pursuant to the agreement, McDole's Catering was given an additional phone number, for a period of one year, which corresponded to the number listed in the key advertisement. The business also retained its original number which remained in the regular listings in the Bell yellow pages. In exchange for publishing this large, tri-colored advertisement, McDole was required to monitor the results. At the conclusion of the one-year period, the agreement was not renewed and the additional new phone number was reassigned to another Bell customer.

From 1987 until 1990 McDole Catering paid for a regular listing in the Easton, Bethlehem, and Allentown Yellow Pages, under its original phone number. However, in the 1988–1989 Allentown directory, Bell inadvertently placed the old key advertisement, which listed the now reassigned phone number. At the same time the business expanded, opening a deli in the Apple Tree Plaza, located in Allentown. It was not until the fall of 1989 that McDole discovered the unauthorized and incorrect key advertisement.

McDole filed a complaint in tort on April 30, 1990, seeking monetary damages, which was amended on August 27, 1990.

After a trial, on November 17, 1993, the jury awarded McDole $200,000.[1] Post-trial motions were denied and this timely appeal followed.

■ Bell first argues that the trial court erroneously denied its motion for judgment notwithstanding the verdict, or alternatively a new trial. Specifically, Bell contends that McDole does not have any claim in negligence, as a cause of action in tort does not normally arise from a breach of contract. In support of its position, Bell refers this court to our prior holding in *Bash v. Bell Telephone Co.*, 411 Pa.Super. 347, 601 A.2d 825 (1992). In *Bash,* appellant and Bell Telephone company entered into an agreement, providing that appellant pay a monthly charge for a directory listing. The agreement also limited the Telephone Company's liability for damages resulting from errors or omissions in the advertisement or listings to the amount paid for the advertisement or listing. Although Bell omitted appellant's advertisement, we dismissed appellant's tort claim, explaining:

> Although certain services, such as alphabetical directory listings, are considered by the courts to be a public service, and thus governed by Public Utility regulations, contracts for the purchase of supplemental advertisement listings are considered to be a private contractual matter. Thus, in this case, the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied in the law of torts.

*Bash,* 411 Pa.Super. at 356–57, 601 A.2d at 829–30 (citations omitted).

The facts presented here, however, are distinguishable from the facts in *Bash.* Here, the offending advertisement was not governed by a contract as the contract for the key advertisement had expired prior to the inadvertent listing. Consequently, the reasoning in *Bash* is inapplicable to the facts presented here.

1. Prior to trial, in July of 1992, McDole filed for bankruptcy. McDole's expert testified that the total damages resulting from the incorrect listing was between $468,500 and $762,000. N.T., November 16, 1993, at 184.

It is well settled that judgment notwithstanding the verdict may be granted "only in a clear case, where after viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds would disagree that the verdict was improper." *Golibart v. Reamer*, 415 Pa.Super. 623, 626, 610 A.2d 56, 58 (1992), *alloc. denied*, 532 Pa. 664, 616 A.2d 985 (1992). Similarly, a new trial may only be awarded when the verdict is so contrary to the evidence as to shock one's sense of justice. *Butler v. Kiwi, S.A.*, 412 Pa.Super. 591, 595, 604 A.2d 270, 272 (1992), *alloc. denied*, 531 Pa. 650, 613 A.2d 556 (1992). After a careful review of the record, we find the trial court's denial of both Bell's motion for judgment notwithstanding the verdict and Bell's motion for a new trial "did not constitute a clear and palpable abuse of discretion or error of law." *Butler, supra*, 412 Pa.Super. 591, 604 A.2d 270. *See also Golibart, supra*, 415 Pa.Super. 623, 610 A.2d 56. Consequently, this argument has no merit.

Bell next asserts that even if McDole properly presented the negligence claim to the jury, there was insufficient evidence to sustain his allegation. We disagree.

"The basic elements of a cause of action founded on negligence are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury and an actual loss." *Burman v. Golay and Co.*, 420 Pa.Super. 209, 213, 616 A.2d 657, 659 (1992), *alloc. denied*, 533 Pa. 648, 624 A.2d 108 (1993). Moreover, negligence may be inferred from circumstantial evidence, pursuant to the doctrine of res ipsa loquitur, which allows a jury to infer the existence of negligence and causation where the injury does not ordinarily occur in the absence of negligence. *Bearfield v. Hauch*, 407 Pa.Super. 624, 627, 595 A.2d 1320, 1322 (1991). A review of the record reveals that McDole presented sufficient evidence that, as a proximate result of Bell's acts, McDole suffered a loss. Consequently, we find that the trial court did not abuse its discretion by refusing to upset the jury's verdict. *Golibart, supra*, 415 Pa.Super. 623, 610 A.2d 56; *Kiwi, supra*, 412 Pa.Super. 591, 604 A.2d 270.

Finally, Bell complains that the trial judge erred in failing to instruct the jury as to the law of contributory negligence.

■ The issue of contributory negligence may be removed from the jury where the evidence is so clear and palpable that there is no room for fair and reasonable persons to differ in their conclusions that it does not exist. *Solomon v. Baum,* 126 Pa.Commw. 646, 650, 560 A.2d 878, 880 (1989), *appeal denied,* 525 Pa. 636, 578 A.2d 930 (1990). In the instant case, we agree with the trial court that "contributory negligence has no place in this case." Trial Court Opinion, May 23, 1994, at 11. No evidence was presented that McDole had anything to do with the publication of the erroneous advertisement. Furthermore, we cannot find that the failure of McDole to anticipate Bell's negligence amounts to contributory negligence. Consequently, we find it was not improper for the trial court to fail to charge the jury regarding contributory negligence. *Rice v. Shuman,* 513 Pa. 204, 211–12, 519 A.2d 391, 395 (1986) (defendant has burden of establishing contributory negligence of plaintiff and it is thus incumbent upon defendant to produce this evidence).

For the above reasons, we affirm

Affirmed.