◾ Elliot Klein, Doing Business as Elliot Klein Realty Co., et al., Appellants, v Morris Antebi et al., Respondents. [861 NYS2d 143]—

In an action, inter alia, to recover a real estate brokerage commission, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated March 28, 2007, as, upon granting that branch of the defendants' motion which was, in effect, for leave to renew that branch of their prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiffs were not licensed in the Commonwealth of Pennsylvania as real estate brokers, which was denied in a prior order of the same court dated August 11, 2006, in effect, vacated so much of the order dated August 11, 2006, as denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiffs were not licensed in the Commonwealth of Pennsylvania as real estate brokers and granted that branch of the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs Elliot Klein and Kenneth Dreifus were licensed

New York real estate brokers, and the plaintiffs Jimmy Marachli and Eli Shami were licensed New York real estate brokers affiliated, respectively, with Klein and Dreifus. It is undisputed that the plaintiffs were not licensed as real estate brokers in the Commonwealth of Pennsylvania. In October 2004 an entity through which Klein did business (collectively hereinafter Klein) and an entity through which Dreifus did business (collectively hereinafter Dreifus) entered into a "Standard 'Confidentiality/ Disclosure' Agreement" (hereinafter the confidentiality agreement) and a "Buyer's Commission Agreement" (hereinafter the commission agreement) with the defendant Morris Antebi (hereinafter Antebi), who allegedly resided in New York. The confidentiality agreement indicated that Klein and Dreifus had been the first to advise Antebi of the availability for purchase of three parcels of real property in Harrisburg, Pennsylvania (hereinafter the properties), and the commission agreement obligated Antebi to pay Klein and Dreifus a brokerage commission of a certain percentage of the purchase price for the properties if and when closing occurred, provided Klein and Dreifus were the brokers who "brought about the sale of the premises."

In December 2005 the plaintiffs commenced this action to recover a brokerage commission, alleging that Antebi had purchased the properties in the names of the other defendants and that those defendants were his alter egos. The defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiffs were not licensed as real estate brokers in Pennsylvania and were therefore barred from recovering a commission for brokerage services by Pennsylvania's Real Estate Licensing and Registration Act (Pa Stat Ann, tit 63, § 455.101 et seq.; hereinafter the Act). In an order dated August 11, 2006, the Supreme Court, among other things, denied that branch of the defendants' motion. In that order, the Supreme Court concluded that because the defendants had not established that the plaintiffs had rendered brokerage services outside of New York in connection with Antebi's alleged purchase of the properties, Pennsylvania's licensing requirements for real estate brokers were inapplicable.

In January 2007 the defendants moved, inter alia, for leave to renew, in effect, that branch of their prior motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiffs were not licensed in Pennsylvania as real estate brokers. In support of their motion, they submitted an affidavit in which Antebi averred that the plaintiffs had driven him to Pennsylvania and introduced him to the seller of the properties and that on the same trip, Antebi, the seller, and

the plaintiffs had viewed two of the properties. In opposition, the plaintiffs submitted an affidavit in which Shami detailed the brokerage services rendered by the plaintiffs in connection with Antebi's purchase of the properties, including the meeting and viewing in Pennsylvania.

In an order dated March 28, 2007 the Supreme Court granted that branch of the defendants' motion which was for leave to renew, engaged in a choice of law analysis, and concluded that Pennsylvania law should be applied to determine whether the plaintiffs could recover the brokerage commission at issue. The court found that the parties' submissions demonstrated that the plaintiffs had engaged in real estate brokerage services within Pennsylvania and that their claim for a brokerage commission was therefore barred by the Act. Accordingly, the court, in effect, vacated so much of the order dated August 11, 2006, as denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the ground that the plaintiffs were not licensed in Pennsylvania as real estate brokers and, upon renewal, granted that branch of the motion. We affirm the order insofar as appealed from.

On appeal, the plaintiffs have not challenged the court's conclusion that Pennsylvania law governs whether they can maintain an action to recover a real estate brokerage commission. However, they contend that they did not violate the Act's prohibitions because they did not render any significant brokerage services within the Commonwealth of Pennsylvania. This contention is without merit.

The purpose of the Act "is to prohibit recoveries by unlicensed brokers for activities conducted within Pennsylvania" (*Wayne A. Vandenburg Enters., Inc. v Park Dr. Manor, Inc.*, 678 F Supp 515, 517 [1987]). "Pennsylvania law clearly precludes any person from recovering a commission or a fee for the transfer of an interest in real property if that person was required to be licensed pursuant to the Act, and was not so licensed at the time of the transaction" (*Meyer v Gwynedd Dev. Group,* 756 A2d 67, 72, 2000 Pa Super 193, ¶ 16 [2000]). "[T]he mere introduction of two willing parties comes within the purview of the statute" (*Golibart v Reamer,* 610 A2d 56, 59, 415 Pa Super 623, 627 [1992] [internal quotation marks omitted]). Here, accepting as true the allegations in the complaint and the plaintiffs' supporting affidavit, and according the plaintiffs the benefit of every possible favorable inference (*see generally Schlackman v Robin S. Weingast & Assoc., Inc.,* 18 AD3d 729, 729-730 [2005]), the submissions establish that the plaintiffs were barred by the Act from recovering a brokerage commission

because they introduced two willing parties within the Commonwealth of Pennsylvania (see *Golibart v Reamer*, 415 Pa Super 623, 610 A2d 56 [1992]).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur. [*See* 15 Misc 3d 901.]