J-S58027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRENCE BRADLY, | |
| Appellant | No. 285 WDA 2014 |

Appeal from the PCRA Order Entered February 13, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0006702-1989
CP-02-CR-0006884-1989

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 05, 2014**

Appellant, Terrence Bradly, appeals *pro se* from the order dismissing his petition for a writ of *habeas corpus ad subjiciendum*.  After careful review, we affirm.

Appellant was charged at the above-listed criminal informations in 1989.  Appellant proceeded to a jury trial on February 13, 1990.  On February 15, 1990, the jury found Appellant guilty of first degree murder and robbery.[1]  On February 5, 1991, Appellant was sentenced to a mandatory term of life imprisonment without the possibility of parole.  After

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The facts underlying Appellant's conviction are not relevant to this appeal.

Appellant filed a direct appeal, this Court affirmed his judgment of sentence on March 3, 1992. **Commonwealth v. Bradly**, 610 A.2d 62 (Pa. Super. 1992) (unpublished memorandum).

Appellant filed his first Post Conviction Relief Act[2] (PCRA) petition on August 23, 2012. Counsel was appointed; however, appointed counsel ultimately filed a no-merit letter and a motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). By order dated May 13, 2013, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed objections to that order on May 29, 2013. The court dismissed his PCRA petition on June 17, 2013. Although Appellant appealed the dismissal of his PCRA petition, this Court ultimately dismissed his appeal after he failed to file a brief. **See** Superior Court Order, 11/12/13, at 1.

The instant matter arose when Appellant filed a petition for a writ of *habeas corpus ad subjiciendum* (Habeas Petition) with the Court of Common Pleas of Allegheny County[3] on November 26, 2013. Therein, Appellant claimed that his sentence was invalid because it was imposed pursuant to a

---

[2] 42 Pa.C.S. § 9541 *et seq*.

[3] Because this was the same court in which Appellant's first PCRA petition was filed, we refer to it hereinafter as the "PCRA court."

subsequently repealed statute. The PCRA court dismissed the Habeas Petition on January 24, 2014, and Appellant filed a timely appeal from that order. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a Rule 1925(a) opinion on May 16, 2014.

Appellant now presents the following question for our review:

Did the trial court abuse its discretion in denying Appellant's [Petition for a] Writ of *Habeas Corpus Ad Subjiciendum* [in] violat[ion of] his substantive due process rights[,] where Appellant has been unlawfully committed to serve life imprisonment on a mandated repealed statute?

Appellant's Brief at 3 (unnecessary capitalization omitted, italics added).

The PCRA court denied Appellant's Habeas Petition "because the Post Conviction Relief Act is the sole means by which a criminal defendant may raise a collateral challenge to his conviction." PCRA Court Opinion, 5/16/14, at 2 (citing **Commonwealth v. Mercado**, 826 A.2d 897 (Pa. Super. 2003)). The PCRA court did not offer any additional explanation for its ruling. In his brief, Appellant asserts that his claim is properly raised in a petition for a writ of *habeas corpus ad subjiciendum*. Appellant's Brief at 9 (citing **Commonwealth v. Bangs**, 393 A.2d 720 (Pa. Super. 1978)). Both Appellant and the PCRA court have failed to address this claim in the appropriate fashion.

As the Commonwealth properly notes, "[A]ppellant's instant [Habeas Petition] … must be treated as a PCRA petition[.]" Commonwealth's Brief at 12. The claim raised in Appellant's Habeas Petition was either cognizable

- 3 -

under the PCRA or it was not. If it was, then the PCRA court should have treated the Habeas Petition as a PCRA petition. ***See Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001) ("It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition."). If Appellant's claim was not cognizable under the PCRA, then the trial court should have addressed the petition as properly raised under our *habeas corpus* jurisprudence. In both ***Commonwealth v. West***, 938 A.2d 1034 (Pa. 2007), and ***Commonwealth v. Judge***, 916 A.2d 511 (Pa. 2007), our Supreme Court held that claims that fall outside the sphere of the PCRA can be advanced via a petition for a writ of *habeas corpus*.

Appellant essentially argued in his Habeas Petition that his sentence of life imprisonment lacked a valid statutory basis at the time it was imposed, a claim that he continues to make in this appeal. Section 1102 of Title 18 currently provides, in pertinent part, as follows:

> Except as provided under section 1102.1 (relating to sentence of persons under the age of 18 for murder, murder of an unborn child and murder of a law enforcement officer), a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment *in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree).*

18 Pa.C.S. § 1102(a)(1).

Thus, when a defendant is convicted of first degree murder, section 1102 establishes two possible sentences: life imprisonment or death. The

statute also dictates that the procedure for deciding between those penalties is governed 42 Pa.C.S. § 9711, as denoted by the italicized portion of section 1102(a) above. Prior to its amendment in 1995, section 1102(a) referenced a prior version of 18 Pa.C.S. § 1311(d) rather than section 9711 of Title 42. However, that prior version of section 1311(d) was declared unconstitutional by our Supreme Court in 1977. *Commonwealth v. Moody*, 382 A.2d 442, 443 (Pa. 1977). As we noted in *Commonwealth v. Hardcastle*, 546 A.2d 1101 (Pa. 1988), *Moody* was superseded by statute when 42 Pa.C.S. § 9711 was amended to replace 18 Pa.C.S. § 1311(d) as the applicable procedure for determining the appropriate sentence for first degree murder in 1980.

Appellant was sentenced in 1991 pursuant to the then in-effect version of 18 Pa.C.S. § 1102. At that time, although section 9711's governance of sentencing procedure for first degree murder had been in effect for more than a decade, section 1102(a)(1) still referenced the version of section 1311(d) which had been deemed unconstitutional in *Moody* in 1977. Thus, Appellant claims, his substantive rights were violated when he was sentenced under section 1102, when the sentencing procedure set forth in that statute at the time of sentencing "no longer existed under the laws of this Commonwealth." Appellant's Brief at 7.

This claim likely implicates the legality of Appellant's sentence. *See In re M.W.*, 725 A.2d 729, 731 (Pa. 1999) (holding that, when a sentencing issue "centers upon a court's statutory authority" to impose a sentence,

rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed). The PCRA specifically includes challenges to an illegal sentence within its stated scope. 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief."). Alternatively (or additionally), Appellant's claim could be said to implicate the jurisdiction of the trial court to sentence Appellant under the version of 18 Pa.C.S. § 1102(a)(1) in effect in 1991. *See* 42 Pa.C.S. § 9543(a)(2)(viii) (stating that one is eligible for relief under the PCRA where the sentence resulted from "[a] proceeding in a tribunal without jurisdiction").

Because Appellant's claim implicates the legality of his sentence, or the jurisdiction of the court that imposed it, it is cognizable under the PCRA. Accordingly, the PCRA court should have treated Appellant's Habeas Petition as a PCRA petition. ***Deaner***, ***supra***. Because the PCRA court did not treat the Habeas Petition as a PCRA petition, it did not give Appellant notice of intent to dismiss or afford him the opportunity to amend the petition. ***See*** Pa.R.Crim.P. 907(1); Pa.R.Crim.P. 905(B). In this regard, the PCRA court clearly erred.

Nevertheless, Appellant has not challenged the PCRA court's dismissal of his petition on these grounds. The failure to challenge the absence of a Rule 907 notice results in waiver of that issue. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citing ***Commonwealth v. Boyd***, 923

A.2d 513, 514 n.1 (Pa. Super. 2007)). Furthermore, "even if the issue is raised, where the petition is untimely, it does not automatically warrant reversal." *Id.* (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)).

Having established that the PCRA court should have treated Appellant's Habeas Petition as a PCRA petition, we must address the petition's timeliness, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition).

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 7 -

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

None of these exceptions to the PCRA's time limitations could possibly apply to Appellant's claim. Sections 9545(b)(1)(i) and (iii) clearly have no application given the nature of Appellant's argument. Section 9545(b)(1)(ii) also cannot be applied, because even if the defect that existed in the 1991 version of 18 Pa.C.S. § 1102 called into question the legality of Appellant's sentence or the jurisdiction of the sentencing court, that defect was apparent in the text of the statute at the time of Appellant's sentencing. There is no plausible argument why Appellant could not have discovered that defect through the exercise of due diligence in the year after his sentence became final. There is certainly no plausible reason why it would take more than 20 years to discover that defect.

We conclude, therefore, that even if the PCRA court had not erred by failing to treat Appellant's Habeas Petition as a PCRA petition, Appellant would have been unable to satisfy the PCRA's timeliness requirements. Accordingly, the PCRA court lacked jurisdiction to entertain his claim, as do we.

Order **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2014