J-S31027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL A. BELL | : | |
| | : | |
| Appellant | : | No. 581 EDA 2023 |

Appeal from the PCRA Order Entered January 13, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0520031-1988

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 02, 2023**

Appellant Darryl A. Bell *pro se* appeals from the January 13, 2023 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed for want of jurisdiction his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, on August 7, 1990, Appellant was sentenced to 8 to 20 years of imprisonment for rape and a concurrent sentence of 1 to 5 years' imprisonment for corruption of a minor after repeatedly raping his stepdaughter.  On direct appeal, this Court affirmed the judgment of sentence on March 3, 1992. ***Commonwealth v. Bell***, 610 A.2d 62 (Pa. Super. filed March 6, 1992) (unpublished memorandum).  His judgment of sentence became final on April 2, 1992.

Since 1992, Appellant unsuccessfully has filed a plethora of PCRA petitions seeking relief. He filed the instant petition on September 24, 2021, claiming ineffective assistance of counsel. Appellant subsequently amended the petition on April 4, 2022. On December 2, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On January 13, 2023, the PCRA court dismissed Appellant's post-conviction petition. Appellant *pro se* timely appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

On appeal,[1] Appellant essentially challenges the merits of his convictions and the resulting sentence. **See** Appellant's Brief at 1.

At the outset, like the PCRA court, we too must consider whether Appellant is eligible for relief under the PCRA, before we may review the merits of this case. To be eligible for relief under the PCRA, a petitioner must either be "currently serving a sentence of imprisonment, probation or parole for the crime," "awaiting execution of a sentence of death for the crime," or "serving a sentence which must expire before the person may commence serving the disputed sentence." 42 Pa.C.S.A. § 9543(a)(1)(i)-(iii).

---

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quoting **Commonwealth v. Rainey**, 928 A.2d 215, 223 (Pa. 2007)).

Our Supreme Court and this Court consistently have interpreted Section 9543(a) to require that a PCRA petitioner be serving a sentence while relief is being sought. ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997); ***Commonwealth v. Martin***, 832 A.2d 1141, 1143 (Pa. Super. 2003). As our Supreme Court explained in ***Ahlborn***, the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the PCRA statute. ***Ahlborn***, 699 A.2d at 720. Indeed, to be eligible for relief, a petitioner must be currently serving a sentence of imprisonment, probation, or parole. ***Id.*** To grant relief at a time when an appellant is not currently serving such a sentence would be to ignore the language of the PCRA. ***Id.***

Moreover, we have explained that "the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence." ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997). It is well settled that the PCRA court loses jurisdiction the moment an appellant's sentence expires. ***See Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition).

Here, based upon our review of the record, we agree with the PCRA court's and the Commonwealth's analysis that Appellant's sentence expired years ago. As a result, he does not meet any of the foregoing eligibility requirements outlined in Section 9543(a) of the PCRA. Thus, consistent with ***Ahlborn***, he is ineligible for collateral relief. We agree with the PCRA court's

conclusion that it lacked jurisdiction to address the merits of Appellant's instant petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023